UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARSHA MEYER

        Plaintiff,

v.

ALEXANDRA SOKOLL

        Defendant.
_____/

No. 09 Misc 80043 SBA (EDL)

**ORDER GRANTING MOTION TO COMPEL**

This Motion to Compel Defendant to Respond to Post-Judgment Interrogatories relates to pro se Plaintiff Marsha Meyer's efforts to enforce a default judgment entered by the District Court for the District of New Jersey against California Defendant Alexandra Sokoll. No opposition was filed, and Defendant has not otherwise appeared or responded to the motion. The Court finds that no hearing is necessary on the Motion, and for the following reasons GRANTS the Motion.

On September 16, 2008, default judgment was entered in favor of Plaintiff and against Defendant by the United States District Court for the District of New Jersey in the amount of $109,626.65. See Motion, Ex. A. The foreign judgment was registered with this Court on March 10, 2009. On September 25, 2009, Plaintiff served Defendant with a set of Post-Judgment Interrogatories by "certified mail" through the United States Postal Service. Id., Ex. B. On November 1, 2009, more than 30 days after service of the interrogatories, an email was sent to Defendant inquiring about the status of Defendant's interrogatory responses, but Plaintiff received no response. See Motion at 2; Ex. C.[1] Plaintiff therefore

---

[1] Pro Se Plaintiff did not file a declaration supporting the facts stated in her Motion, or explaining the exhibits attached thereto. However, the Motion contains a signed verification attesting to the veracity of the facts contained in the Motion under penalty of perjury. Therefore, and in light of the liberal construction given to pro se pleadings, the Court may consider the facts contained in the Motion as to which Defendant has personal knowledge. Cf., Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).

filed the instant Motion to Compel on November 3, 2009, and the Motion was referred by Judge Armstrong to this Court for resolution on December 1, 2009.

Federal Rule of Civil Procedure 69(a)(2) provides that, "In aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." California Rule of Civil Procedure § 708.020 (erroneously cited in the Motion as 702.20(a)) provides that a judgment creditor may propound written interrogatories to a judgment debtor, and the judgment debtor must respond to the interrogatories in the same manner and within the time provided by Chapter 13 of the Rules, or within 30 days. See Cal. R. Civ. P. § 2030.260.

Plaintiff properly propounded Post-Judgment Interrogatories pursuant to state and federal rules on September 25, 2009 and Defendant has not responded to them within the time period allowed. Plaintiff has attempted to meet and confer with Defendant on this issue but received no response. Plaintiff has properly noticed this Motion to Compel and served it on Defendant. Defendant has failed to oppose or otherwise respond to the Motion. Therefore, good cause exists for GRANTING the Motion to Compel and Ordering Defendant to respond to Plaintiff's Post-Judgment Interrogatories.

Dated: January 8, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge